ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AHAB JOSEPH ("JULIAN") NAFAL
729 State Street
Santa Barbara, CA 93101
(805) 453-6293

Plaintiff in Pro Per



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AHAB JOSEPH ("JULIAN") NAFAL,
an individual,

    ·Plaintiff,

vs.

JAY-Z pka SHAWN CARTER, an
individual; TIMOTHY MOSELY,
an individual;  Bob Bourdan, an
individual; Brad Delson,
an individual; Mike Shinoda,
an individual; Dave Farrell, an
individual; Joseph Hahn,
an individual; Chester Binnington, an
individual; Roc-A-Fella Records,
LLC; a corporation; Timbaland
Productions, Inc., a corporation;
Def Jam Records, Inc., a
corporation;  Warner Music Group, Inc.,
a corporation; MTV Networks
Enterprises, Inc., a corporation;
Machine Shop Recordings,
LLC, a corporation; Universal Music

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV11-06238
JHN (R2x)

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

JURY DEMAND

**1**



Court Name: U.S. District Court
Division: 2
Receipt Number: LA021777
Cashier ID: jdcash
Transaction Date: 07/20/2011
Payer Name: ARAB JOSEPH NAFA
-----------------------------------
CIVIL FILING FEE
For: ARAB JOSEPH NAFA
Case/Party: D-CAC-2-11-CV-001234-001
Amount:        $058.00
-----------------------------------
CASH
Amt Tendered:  $058.00
-----------------------------------
Total Due:     $058.00
Total Tendered: $058.00
Change Amt:    $0.00

No refunds without original
receipt. Returned checks will be
assessed a fee of $45.00.

Group, Inc.,  )
 a corporation; Lil Lulu Publishing,  )
EMI Music, Inc., a corporation; EMI  )
Publishing LTD., EMI Music Arabia,  )
Inc., a corporation; EMI Blackwood  )
Music, Inc., a corporation; Virginia  )
Beach Music, Chesterchaz  )
Publishing, Rob Bourdon Music,  )
Nondisclosure Agreement Music,  )
Big Bad Mr. Hahn Music, Kenji  )
Kobayashi Music, Chad  )
Butler (pka "Pimp C"), an individual;  )
Bernard Freeman (pka "Bun B"), an  )
individual,  )
 )
     Defendants.  )
—————————————————————— )

AHAB JOSEPH NAFAL ("Plaintiff") hereby sets forth the claims and allegations which he seeks to assert in this action.

**PARTIES**

1.    Plaintiff is an individual resident of the County of Santa Barbara, State of California.

2.    Shawn Carter (pka Jay-Z) (hereinafter "Carter" or "Jay-Z") is an entertainer who records, produces and performs music within the "rap/hip hop" genre. Timothy Mosely and Kyambo Joshua likewise record and produce in affiliation with Jay-Z. On information and belief and as further alleged below, Jay-Z, with the assistance and particpation of Mosely and Joshua, recorded, produced, released, published, distributed, sold, performed, advertised and otherwise unlawfully used musical works that infringed Plaintiff's rights in "Khosara, Khosara." The infringing works, identified

2

**COMPLAINT FOR COPYRIGHT INFRINGEMENT--JURY DEMAND**

below to the extent of Plaintiff's current information and belief, have appeared under variations of the title "Big Pimpin'"; they include phonorecord, music video and performance collaborations during late 2004 and continuing through the present, undertaken with the band "Linkin Park" under the title "Big Pimpin'/Papecut" and promoted as an *MTV Ultimate Mash-Up and Jay-Z/Linkin Park Collision Course*; earlier sound recordings, and synchronizations of the song "Big Pimpin'" featuring vocals by Jay-Z and sometimes also the band "Underground Kingz," as well as live broadcast performances of the song "Big Pimpin.'"

3.    Defendants Rob Bourdan, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, and Chester Binnington are entertainers who record, produce and perform music within the "alternative metal" genre as members of the band "Linkin Park."

4.    On information and belief, defendants Roc-A-Fella Records, LLC, Timbaland Productions, Inc., Def Jam Recordings, Inc., Warner Music Group, Inc., MTV Networks Enterprises, Inc., Machine Shop Recordings, LLC, Universal Music Group, Inc., Lil Lulu Publishing, EMI Music, Inc., EMI Publishing LTD., EMI Music Arabia Inc., EMI Blackwood Music, Inc., Virginia Beach Music, Chesterchaz Publishing, Rob Bourdon Music, Nondisclosure Agreement Music, Big Bad Mr. Hahn Music, and Kenji Kobayashi Music are corporate entities that are responsible for the "Big Pimpin'/Papercut" collaborations released by Jay-Z and Linkin Park.  Together with defendants Carter, Bourdon, Delson, Shinoda, Farrell, Hahn, Barrington, Mosley and Joshua, they are collectively referred to below as the "Collision Course Defendants."

3

5.    Defendants Chad Butler (pka "Pimp C") and Bernard Freeman (pka "Bun B") record, produce and perform music as members of the band "Underground Kingz (UGK)."

6.    On information and belief, defendants Roc-A-Fella Records, LLC, Timbaland Productions, Inc., Def Jam Recordings, Inc., Island Def Jam Music Group, Universal Music and Video Distribution, Inc., Universal Music Grou, Inc., Lil Lulu Publishing EMI Blackwood Music, Inc., Virginia Beach Music, EMI Music Publishing, Ltd., and EMI Music Arabia, Inc. are corporate entities that are responsible for the "Big Pimpin'" musical works featuring vocals by Jay-Z and the Underground Kingz or otherwise deriving from or relating to a "Big Pimpin" sound recording released on the CD, *Jay-Z Vol. 3 ...Life and Times of S. Carter*. Together with Defendants Carter, Mosely, Joshua, Butler and Freeman, they are collectively referred to below as the "Big Pimpin' Defendants."

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338 because Plaintiff's claims arise under the United States Copyright Act, 17 U.S.C. §101, *et seq*. Venue is proper in this Court because some of the infringing acts have occurred within this district.

## PLAINTIFF'S RIGHTS

8.    Plaintiff is the assignor of a valid exclusive license to exercise all rights of the copyright holder in the song "Khosara, Khosara."

**4**

9.     Plaintiff's chain of title to those rights begins with a License Agreement between Osama Ahmed Fahmy ("Fahmy") and Farouk Fathalla Sima ("Sima") (the "License Agreement"). Plaintiff, as the "Copyright Holder of all copyrights relating to the music of the song 'Khosara, Khosara'," granted Sima "an exclusive license to use the products which incorporate any of the intellectual property included within the Copyrights" whose territory includes "all places on Earth" with the exception of Egypt. Fahmy also granted Sima the right to "prosecute all parties believed to be responsible for infringement" of Khosara, Khosara in his own name. The rights granted to Sima were subject only to payment to Fahmy of 60% (sixty percent) of the proceeds as defined. Attached hereto as Exhibit "A" is a true and correct copy of the License Agreement.

10.     Subsequently, the License Agreement was amended to extend its term, reduce the percentage paid to Fahmy to 50% (fifty percent), and to specifically provide that "no right of termination may be exercised if any litigation ... has been ... initiated with respect to the song, "Khosara, Khosara...." Attached hereto as Exhibit "B" is a true and correct copy of The Amendment to License Agreement.

11.     On January 27, 2005, Sima assigned Plaintiff one-half of Sima's rights under the License Agreement (the "2005 Assignment Agreement") and secured Fahmy's express written consent.  Attached hereto as Exhibit "C" is a true and correct copy of the 2005 Assignment Agreement.

12.     Effective as of October 1, 2008, Sima assigned to Plaintiff the remaining one-half interest in the License Agreement (the "2008 Assignment Agreement").

5

**COMPLAINT FOR COPYRIGHT INFRINGEMENT--JURY DEMAND**

1  Attached hereto as Exhibit "D" is a true and correct copy of the 2008 Assignment

2  Agreement

3      13.    Through this chain of title Plaintiff owns 100% of an exclusive license to

4  commercially exploit the copyright in "Khosara, Khosara" and to prosecute a claim for its

5
6  infringement.

7      14.    On or about April 1, 2005, Plaintiff commenced a copyright action against

8  Defendants. Said action was prosecuted before Judge Wilson of this court and

9
10  subsequently dismissed by Judge Wilson on the basis that Plaintiff lacked standing to

11  assert these claims. Plaintiff has now cured his standing by acquiring the rights of Sima

12  in the License Agreement.

13                        **CLAIM FOR RELIEF**

14
15      15.    Plaintiff repeats and incorporates by reference the allegations contained in

16  Paragraphs 1 through 14 above.

17      16.    Within the last three (3) years, and for a substantial period of time,

18  Defendants, and each of them, have infringed the copyright in "Khosara, Khosara," by

19
20  using portions of the music in various sound recordings produced by Defendants

21  without permission or any grant of rights. These acts constitute infringement which is

22  actionable pursuant to 17 U. S. C. §501.

23      17.    As a direct, proximate and foreseeable result of Defendants, and each of

24  their infringement of the copyright, Plaintiff is entitled to damages, including actual

25  damages and Defendants' profits, in an amount according to proof exceeding the sum

26
27  of $5,000,000 (Five Million Dollars).

28

6

**COMPLAINT FOR COPYRIGHT INFRINGEMENT--JURY DEMAND**

1  WHEREFORE, Plaintiff prays for relief as follows:

2  1.  For damages for copyright infringement, including actual damages and

3  Defendants' profits in an amount according to proof;

4  2.  For costs of suit incurred herein;

5

6  3.  For such other and further relief as the Court deems just and proper.

7  DATED:  July 21, 2011

8

9

10  _____

AHAB JOSEPH ("JULIAN') NAFAL

11  Plaintiff, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## JURY DEMAND

Plaintiff Ahab Joseph Nafal hereby demands a trial by jury.

DATED:  July 15, 2011

_____

AHAB JOSEPH ("JULIAN") NAFAL
Plaintiff, In Pro Per

**8**

**EXHIBIT A**

## LICENSE AGREEMENT

Mr. Osama Ahmed Fahmy
Fathalla ("Copyright Holder")
and Mr. Farouk Fathalla Sima
("Licensee") agree as follows:

## Recitals

A- Copyright Holder is the
holder of all copyrights related to
the music of the song "Khosara
Khosara" including both the
copyrights to the composition
itself as well as every authorized
recorded performance of this
composition (collectively
"Copyrights"). The certificates
relating to the copyrights are
attached hereto as Exhibit "A".
B- Copyright Holder desires to
license certain rights in the
Copyrights to Licensee.

## Terms

**1- Exclusive License:** The
license granted by this agreement
is an exclusive license to use the
products which incorporate any
of the intellectual property
included within the Copyrights.
This exclusive license extends
throughout the entirety of the
Territory described below.

اتفاق منح ترخيص

السيد/ أسامة أحمد فهمى فتح الله (صاحب
حقوق الملكية) والسيد/ فاروق فتح الله
سيما (المرخص له) اتفقا على ما يلى:

تمهيد

أ– صاحب حقوق الملكيــة يحمــل كافــة
حقوق الملكية المتعلقة بموســيقى أغنيــة
"خسارة خسارة" شاملة حقوق اللحن ذاتــه
وكذلك كافة التسجيلات الخاصــة بــاللحن
(حقوق ملكية شاملة). ومرفق بهذا الاتفــاق
الشهادة الخاصة بحقوق الملكية (ملحق أ).

ب– يرغب صاحب حقوق الملكيــة فــى
الترخيص ببعض حقوق الملكية للمرخص

بنود الاتفاق

١– الترخيص منع الحظر: الــترخيص
الممنوح وفق هذا العقد يعد ترخيص مــع
الحظر لاستخدام المنتجات التى تعد ضمــن
الملكية الفكرية لحقوق الملكية. والترخيص
مع الحظر يشمل كافة البلاد الواقعة داخل
الأراضى المذكورة أدناه.

**2- Territory:** This license extends to all places on the Earth with the exception of the following countries: Egypt (hereinafter" Territory").

**3-Term:** This license shall continue from the date set forth above unitl December 31,2002.

**4- Extensions of Term:** Unless either Copyright Holder or Licensee shall deliver a notice of termination of this license to the other party at least 90 days prior to the expiration date of this license, this license shall be renewed for one year on all of the terms stated herein. This automatic renewal shall continue annually until such time as either party exercises the right to terminate this agreement by written notice is delivered in accordance with this paragraph.

**5- Royalties:** Licensee shall pay to Copyright Holder 60% of all of Licensee's net income from the use of the rights granted pursuant to this license ("Royalties"). The Royalties shall be computed by deducting all costs incurred by Licensee from the amounts paid to

٢– الأراضى: هذا الترخيص يغطى كافــة أنحاء العالم باستثناء الدول الآتية: مصـــر (وسوف يشار لها فيما بعد بالأراضى).

٣– مدة الترخيص: يستمر العمـــل بــهذا الترخيص من تاريخ المدون أدنـــاه حتــى ٢٠٠٢/١٢/٣١م.

٤– مد فترة الترخيص: إذا لم يتســـلم أى من الطرفين إشعار بإلغاء الترخيص مـــن الطرف الآخر خلال مدة ٩٠ يـــوم علـــى الأقل قبل تاريخ انتهاء الترخيص، فســوف يتم تجديد هذا الترخيص لسنة أخرى بنفس الشروط المذكورة فى هـــذا الـــترخيص. وسيتم سنوياً تجديد الترخيص تلقائياً الى أن يقوم أحد الطرفين بممارسة حقه فى إلغــاء هذا الاتفاق بإشعار كتابى يسلم بناء علـــى هذا النص.

٥– مقابل حق الملكية: يلتزم المرخص له بسداد ما قيمته ٦٠% من صافى الدخـــل مقابل استخدام الحقوق الممنوحة له بنـــاء على هذا الترخيص إلـــى صـــاحب حـــق الملكية . ويتم حساب قيمة حق الملكية عن طريق خصم كافة المصروفات الناتجة عن مـــا ادنى المـــن جمنيــــ .

Licensee for the use of the Copyrights in the Territory. For purposes of this computation, amounts paid to employees or partners of Licensee shall not be considered "costs" and shall not be deducted from the amounts paid to Licensee.

**6- Infringement:** In the event Licensee becomes aware of any infringement of the Copyrights within the Territory, whether during the term of this agreement or prior to this agreement, Licensee may prosecute all parties believed to be responsible for the infringement including the right to sue for infringement in Licensee's own name and the right to negotiate any settlement of any such infringement. All amounts recovered pursuant to any such claims of infringement shall be subject to the payment of the Royalty as described above. Copyright Holder shall provide whatever assistance may be required by Licensee to prosecute any such claim of infringement.

هذا الترخيص من ما تم سداده للمرخــــص له مقابل استخدام حقوق الملكية داخل هـذه الأراضى ولغرض هذه الحسابات فإن مــا يتم دفعه للموظفين والشركاء المرخص لـه لا يتم حسابها كمصروفات ويجـــــب أن لا يتم خصمها من الأموال المسددة للمرخص له.

٦– انتهاك أحـد بنــود العقـد: إذا أدرك المرخص له أية انتهاكات من قبل صاحب حقوق الملكية داخل الأراضى المحددة لــه سواء كان خلال فـــترة الاتفــاق أو قبـل الاتفاق، فيحق للمرخص له مقاضاة كافــة الأطراف التى يعتقد أنها مسئولة عن هـذه الانتهاكات بما فيها حق مقاضاة الانتهاكات باسم المرخص له والحق فـــى التقــاوض على أى تسويات لأى من هذه الانتهاكات. وكافة المصروفات التى يتكبدهـــا مقـابل المطالبـــة بـــهذه الانتـــهاكات لابـد مـن خضوعها لمدفوعات حق الملكية المذكورة سابقاً. ويجب على صاحب حقوق الملكيـــة تقديم أية مساعدات يحتاجاه المرخص لــه لمقاضاة أى من هذه الانتهاكات

٩٥٨

7- **Applicable L   :** This
agreement shall be governed by
the laws of State of California,
one of the United States of
America, applicable  to contracts
which are executed and wholly
performed in California.

**Dated :    /  /**
**Mr. Osama Ahmed Fahmy Fathalla.**

**Dated :    /  /**
**Mr. Farouk Fathalla Sima**

٧- **الأختصاص:** تختص قوانيـــن وولايــة
كاليفورنيا أحد ولايات الولايات المتحـــدة
الأمريكية بالحكم فى هذا الاتفــاق وكافــة
العقود المنفذة والتى يتم العمل بـــــها فـــى
كاليفورنيا.

التاريخ : ١ / ٤٧/ ١ / ٦..٦.

السيد/اسامة أحمد فهمى فتح الله

التاريخ: ١/٤٧/ ١ / ٦..٦

السيد/ فاروق فتح الله سيما

**EXHIBIT B**

Exhibit 1

# AMENDMENT TO LICENSE AGREEMENT

This Amendment Agreement shall be deemed to amend the License Agreement entered into in or about 2001 between Mr. Osama Ahmed Fahmy Fathalla ("Copyright Holder"), and Mr. Farouk Fathalla Sima ("Licensee"), related to the song, "Khosara, Khosara, as follows:

1.   In Paragraph 3, the date December 31, 2002, shall be changed to December 31, 2007.

2.   Paragraph 4 shall be deleted and the following inserted in its place and stead:

    "Extensions of Term: Unless either Copyright Holder or Licensee shall deliver a notice of termination of this license to the other party at least 90 days prior to the expiration date of this license this license shall be renewed for five years on all of the terms stated herein. This automatic renewal shall continue for additional five year periods until such time as either party exercises the right to terminate this agreement by written notice delivered in accordance with this paragraph.

    Notwithstanding the foregoing, no right of termination may be exercised if any litigation, for infringement or otherwise, has been or is about to be initiated by or for Licensee with respect to the song, Khosara, Khosara and any attempt to do so in violation of this paragraph 4 shall be null and void and of no force or effect. In such event, the license term shall be deemed tolled during the period of any such litigation and for a period of 180 days following final disposition of any such litigation, or if more than one piece of litigation, the final disposition of the last of such litigations. No such termination shall interfere with Licensee's rights to receive income payable after the effective date of any such termination."

3.   In paragraph 5, the number 60% shall be changed to 50%.

4.   In paragraph 6, the phrase "in Licensee's own name" shall be modified to read "in Licensee's own name, alone or with others, or in the name of a person or entity authorized by licensee."

    EXCEPT as specifically amended herein, all of the terms and conditions of the License Agreement shall remain in full force and effect.

DATED:_____          DATED:_____

_____          _____
Mr. Osama Ahmed Fahmy Fathalla     Mr. Farouk Fathalla Sima

**EXHIBIT C**

1

## ASSIGNMENT AGREEMENT

This Assignment Agreement ("Agreement") is entered into as of January 27, 2005, between Mr. Farouk Fathalla Sima ("Assignor") and Ahab Joseph ("Julian") Nafal ("Assignee").

### Recitals

A- Assignor is the holder of the exclusive license to exercise all rights of the copyright holder in the music of the song "Khosara, Khosara," also sometimes spelled "Khasara, Khasara" (the "Song") within all places on Earth with the exception of Egypt, by virtue of that certain exclusive license agreement ("License Agreement") entered into in or about 2001 between Assignor, and Mr. Osama Ahmed Fahmy Fathalla as copyright holder ("Copyright Holder"). A true and accurate copy of the License Agreement is attached hereto as Exhibit1.

B-Assignor shall obtain from the Copyright Holder the amendment to the License Agreement in the form and substance attached hereto as Exhibit 2, whereupon all references herein shall be to the License Agreement as so amended.

C- To further exploit the Song under the License Agreement as well as to assist the Assignor in enforcing the copyright holdings in the Song, and for good and valuable consideration, Assignor hereby assigns the rights and obligations set forth below, according to the terms and conditions set forth below.

### Terms of Agreement

1- Assignor hereby assigns, transfers and conveys to Assignee an undivided one-half (50 %) of his rights, title and interest that he holds in the License Agreement. Upon execution of this Agreement, and subject to the express limitations provided for herein, Assignor and Assignee shall become equal co-holders in the licensing rights to the Song within all places on Earth with the exception of Egypt (the rights within Egypt to be retained and held solely by Assignor). The assignment includes without limitation, all causes of action arising from past and continuing infringements, regardless when the infringing acts occurred or the causes of action accrued, all rights of action including, but not limited to, the right to collect any and all fees, royalties, and other income, for the recording, public performance, publication, synchronization,

or other use of the Song  (all called "Use Fees"), regardless whether the event or use requiring such fees occurred before or after the date of this Agreement, and all rights to extension or renewal of the License Agreement, subject to the terms of this Agreement.

2- The Assignor hereby grants to Assignee the sole and exclusive power, authority and capacity to negotiate, enter into and sign licenses and contracts with third parties for the purpose of exercising the rights under the License Agreement and otherwise exploiting the Song pursuant to the License Agreement within all territories outside of Egypt. However, no such contract (with the exception of contracts relating to enforcement of the copyright holdings against a suspected infringement, the approval of which shall be governed by Paragraph 5 below) shall be entered without the advance approval of Assignor, other than standard industry agreements (e.g. mechanical license agreements, etc.). Any request for Assignor's approval pursuant to this Paragraph shall be made in writing to Assignor by either facsimile or email transmission, and shall provide either a draft of the proposed contract or a description of all of its material terms. Assignor shall exercise such right of approval in a commercially reasonable manner, and shall communicate his decision in writing, (and if disapproved his reason(s) thereof) by either facsimile or email transmission, to Assignee within five days of his receipt from Assignee of a request for approval. A failure to communicate his decision to Assignee as set forth above, within such time period shall be deemed an approval of the request.

3- In consideration for this Agreement, Assignee shall pay Assignor 75% of the Net Income derived from Assignee's exploitation of the License Agreement assigned herein. As used in this Agreement, Net Income shall mean the balance remaining from all revenues and Use Fees received by Assignee or his agents, representatives or attorneys as a result of Assignee's efforts in exploiting the Song and exercising the rights under the License Agreement, including but not limited to payments received as the result of infringement claims or claims for entitlement to any Use Fees, after deducting for (1) attorney's fees, accounting fees and expert consultant and expert witness fees, owed in compensation for representation in pursuing any infringement claims or claims of entitlement to any Use Fees, under the License Agreement, and (2) expenses and costs advanced in pursuing any infringement claims or claims of

3

entitlement to any Use Fees under the License Agreement. ( Revenues received directly by Copyright Holder as a result of Assignee's efforts, as aforesaid, may be credited against the 75% of Net Income Assignee is required to pay Assignor in the first sentence of this paragraph 3) In all cases, Assignee shall not be entitled to deduct a sum greater than fifty percent (50 %) from any such revenues or recovered amounts. With the exception of fees, costs and expenses incurred in Egypt, which are provided for in Paragraph 4 of this Agreement, Assignee shall be solely responsible for any fees, costs, and expenses that exceed fifty percent (50%) of the revenues or recovered amounts resulting from the exploitation of the Song and exercise of rights under the License Agreement, without right of reimbursement from Assignor or Copyright Holder.

4- Assignor agrees to pay for all legal, accounting and expert fees incurred in Egypt and all other costs and expenses incurred in Egypt, or otherwise incurred which directly relate to discovery and evidence gathering in Egypt, in connection with any claims pursued by Assignee for infringement of the rights granted under the License Agreement and this Agreement or for collection of any Use Fees. Assignor shall be responsible for payment of such costs and expenses regardless of the success or outcome of the claims for infringement and for collection of Use Fees. Assignor shall not be responsible for any lawyer's fees and/or expenses related to infringement and/or collection for Use Fees that might have transpired in Egypt prior to the execution of this Agreement.  In the event that Assignee pursues litigation for infringement and/or collection of Use Fees and as a result of such action the outcome results in losses, any such losses shall be borne solely by the Assignee and will not be the responsibility of the Assignor except for fees, costs and expenses incurred in Egypt or directly relating to discovery and evidence gathering in Egypt as stated above.

5- In exercising any rights granted to Assignee hereunder, Assignee shall provide that Assignor be named with Assignee as a co-holder of the exclusive rights granted under the License Agreement,  and that any Net Income received from any litigation including copyrights infringement or Use Fees be paid 75% to the Assignor and 25% to the Assignee. Assignor shall pay to Copyright Holder his share of the net income from and out of the 75% paid to Assignor who shall hold harmless Assignee from and

against any claim for any shares of Net Income by or for Copyright Holder as aforesaid. In all cases, Assignee should ensure that third parties have duly paid the Assignor his 75% shares through directly transferring his shares to his bank account. Assignee shall have sole and exclusive power and authority to recover Use Fees and pursue infringement claims outside Egypt, to hire attorneys and other professionals for the purpose of evaluating and pursuing infringement claims, to commence any lawsuit or other formal legal proceeding for infringement or for the recovery of Use Fees, and to enter into any agreement in settlement of such claims of infringement or for recovery of Use Fees. However all the previous activities should be governed with the conditions set forth in paragraphs 3.3 and this paragraph. Moreover, no such professional shall be retained, and no lawsuit or other formal legal proceeding shall be commenced, without the advance approval of Assignor. Assignor shall exercise in a commercially reasonable manner his right to approve the engagement of a professional under this Paragraph, and shall communicate any such decision (and, in the case of a disapproval, the reason(s) therefore) within ninety-six (96) hours of his receipt, by facsimile or email transmission, of a request for approval. A failure to communicate his decision to Assignee as set forth above, within such time period shall be deemed an approval of the request however any implied approval will be in accordance with Paragraphs 3.3 and 5. Assignee shall not be required to seek Assignor's approval for contracts that may be entered or services and expenses incurred (by example but not by way of limitation, the hiring of an expert or of a court reporter), which in Assignee's sole judgment are necessary to the conduct of a pending lawsuit or other formal legal proceeding. However, all the previous expenses should be official or presented through ratified affidavits. Prior to exercising his sole and exclusive power and authority to enter into an agreement to settle a claim for infringement or for recovery of Use Fees, Assignee shall make a good faith attempt to communicate with Assignor for the purpose of conferring with Assignor about the proposed settlement.

6-This Agreement shall be deemed to have been negotiated and agreed upon in the State of California, United States of America, and to require performance by Assignor and Assignee wholly within the State of California, United States of America. Any claim, action or dispute between the parties to this Agreement which arises from or is related to this Agreement shall be filed, adjudicated, or otherwise pursued exclusively

within the State of California, United States of America, and the parties to this Agreement hereby submit to the jurisdiction of the state and federal courts within the State of California for purposes of any such claim, action or dispute. This Agreement shall be governed by the laws of the State of California.

7- This Agreement will be disregarded if any of its pages is not signed or authenticated by the Notary Public. This Agreement replaces and supersedes all prior agreements, whether oral or written, between Assignor and Assignee with regard to the subject matter of this Agreement.

8- The Assignor provides that he has obtained the approval of the Copyrights Holder, who provides his signature on this agreement. Moreover, Assignor warrants that he has the full licensing rights which he obtained from the Copyrights holder and that he will not use any of his remainder rights in contradiction with the Assignee's exploitation or implementation to this agreement. Assignor further represents and warrants that all approvals which may be required from Copyright Holder in order for Assignor and Assignee to enter into this Agreement, have been obtained.

9-All terms and conditions agreed upon by Assignor and Assignee with respect to the subject matter of this Agreement are integrated into and expressed within the provisions of this Agreement. This Agreement shall not be amended, except by a written instrument signed by Assignor and Assignee.

10- Upon the signing of this Agreement, Assignee shall be authorized to immediately retain counsel, subject to the terms of this Agreement, for the purpose of pursuing infringement claims relating to the song, "Big Pimpin'." Upon the signing of this Agreement, Assignee also shall be authorized to immediately enter into an agreement for legal services with Andrew Kent and his law firm, Rincon Venture Law Group, on the terms described in the written engagement agreement Assignee provided to Assignor. However, both the Copyrights Holder and the Assignor are not responsible for any obligations that exceed the conditions set in Paragraphs 3.3 and 5. In all cases, if the Assignee fail to file an infringement action relating to the song "Big Pimpin'" within 180 days from the date Assignor and Assignee have signed this Agreement,

then this Agreement shall be terminable in Assignor's sole and absolute discretion, effective upon Assignee's receipt of written notice of such termination from Assignor.

ASSIGNOR_____ Date 1 - 30 - 05
      Mr. Farouk Fathalla Sima

ASSIGNEE_____ Date 1 - 27 - 0 6
      Mr. Ahab Joseph "Kilian" Nafal

Copyright holder is hereby giving consent to this assignment agreement by signing below.

Copyright Holder_____ Date_____
      Mr. Osama Ahmed Fahmy Fathalla

Exhibit 1

## AMENDMENT TO LICENSE AGREEMENT

This Amendment Agreement shall be deemed to amend the License Agreement entered into in or about 2001 between Mr. Osama Ahmed Fahmy Fathalla ("Copyright Holder"), and Mr. Farouk Fathalla Sima ("Licensee"), related to the song, "Khosara, Khosara, as follows:

1.  In Paragraph 3, the date December 31, 2002, shall be changed to December 31, 2007.

2.  Paragraph 4 shall be deleted and the following inserted in its place and stead:

    "Extensions of Term: Unless either Copyright Holder or Licensee shall deliver a notice of termination of this license to the other party at least 90 days prior to the expiration date of this license this license shall be renewed for five years on all of the terms stated herein. This automatic renewal shall continue for additional five year periods until such time as either party exercises the right to terminate this agreement by written notice delivered in accordance with this paragraph.

    Notwithstanding the foregoing, no right of termination may be exercised if any litigation, for infringement or otherwise, has been or is about to be initiated by or for Licensee with respect to the song, Khosara, Khosara and any attempt to do so in violation of this paragraph 4 shall be null and void and of no force or effect. In such event, the license term shall be deemed tolled during the period of any such litigation and for a period of 180 days following final disposition of any such litigation, or if more than one piece of litigation, the final disposition of the last of such litigations. No such termination shall interfere with Licensee's rights to receive income payable after the effective date of any such termination."

3.  In paragraph 5, the number 60% shall be changed to 50%.

4.  In paragraph 6, the phrase "in Licensee's own name" shall be modified to read "in Licensee's own name, alone or with others, or in the name of a person or entity authorized by licensee."

EXCEPT as specifically amended herein, all of the terms and conditions of the License Agreement shall remain in full force and effect.

DATED:_____          DATED:_____

_____    _____
Mr. Osama Ahmed Fahmy Fathalla   Mr. Farouk Fathalla Sima

**EXHIBIT D**

# ASSIGNMENT AGREEMENT



This Assignment Agreement is entered into as of September 15, 2008 between Mr. Farouk Fathalla Sima ("Sima") and Ahab Joseph ("Julian") Nafal ("Nafal").

**Recitals**

A.  By Assignment Agreement ("the "Assignment Agreement") entered into as of January 27, 2005, Sima, as the holder of the exclusive license to exercise all rights which incorporate any of the intellectual property included within the copyrights to the music of the song "Khosara, Khosara," also sometimes spelled "Khasara, Khasara," within all places on Earth with the exception of Egypt, in accordance with the exclusive license agreement ("License Agreement") between Sima and Mr. Osama Ahamed Fahmy Fathalla ("Copyright Holder"), assigned Nafal an undivided one-half interest in and to the License Agreement.

B.  Sima has agreed to assign his remaining interest in the License Agreement to Nafal.

### Agreement

1.  In consideration for the promises and covenants contained herein, Sima hereby assigns all of his right title and interest in and to the License Agreement to Nafal, effective as of October 1, 2008.

2.  After reviewing the License Agreement dated November 1, 2001 and its amendment in October 30, 2004 and Egypt's applicable copyrights and by his signature below, Nafal accepts the assignment of Sima's remaining interest in the License Agreement and agrees to assume all obligations of Sima against Mr. Osama ("Copyright Holder") under the License Agreement and its amendments and hold Sima harmless against any and all claims of Copyright Holder under the License Agreement.

3.  As a consideration for this Agreement, Nafal agrees to pay Sima the sum of $50,000 (Fifty Thousand Dollars) payable as follows: (i) $15,000 (Fifteen

Thousand Dollars) upon receipt of this Assignment Agreement duly signed and notarized from Sima; and (ii) the balance of $35,000 (Thirty Five Thousand Dollars) in five installments with the first installment in the amount of $10,000 (Ten Thousand Dollars) payable on the 30th day following receipt of the Assignment Agreement duly signed and notarized and five subsequent payments of $5,000 (Five Thousand Dollars) each, payable each successive 30 days thereafter. At the time of the initial payment of $15,000, Nafal shall supply post-dated checks with serial no. 176, 177, 178, 179, 180 and 181 for each of the required subsequent payments and those checks are irrevocable. The checks to be payable to the order of Mr. Amr Fathalla

4. This Agreement is irrevocable for either party. With his below signature, Mr. Sima's connection to the License Agreement, the Copyright holder and Nafal ends in relation to any matters pertinent to the music of the song "Khosara Khosara."

5. Nafal confirms that he received all documents that were in Mr. Sima's possession and accepts Mr. Sima's representation that there are no other documents in Mr. Sima's possession. Nafal has no rights to ask for any further documents. Also Nafal understands and accepts that pursuant to this Agreement he is not entitled to raise any compensation or reimbursement claims against Mr. Sima pertinent to his previous liabilities under the License Agreement, or any other claims of any nature against Mr. Sima in connection with the song "Khosara Khosara," and particularly those related to the outcomes of claims he will file or filed against the Copyright holder or the infringers of the copyrights of the said song.

6. For good and valuable consideration, receipt of which is hereby acknowledged, Mr. Farouk Fathalla Sima ("Sima") hereby assigns, transfers and sets over to Ahab Joseph ("Julian") Nafal ("Nafal") all of Sima's right, title and interest in and to the License Agreement (the

"License Agreement") between Sima and Mr. Osama Ahamed Fathalla as Copyright Holder ("Osama"), pertaining to the rights to the intellectual property included within the copyrights to the music of the song "Khosara, Khosara." This Assignment agreement includes any and all claims and causes of action that Sima has or had against Osama arising from the License Agreement, and any and all rights or reservations of powers previously retained by Sima, and any and all documents, agreements or promises pertaining thereto.

7. This Assignment Agreement is effective as of October 1, 2008 and transfers to Nafal all of Sima's powers, rights and obligations under the License Agreement without limitations.

SWORN BEFORE ME at the CITY of Mississauga, in the Province of Ontario, this ___ day of _NOVEMBER_ ___

A Commissioner for taking Oaths etc

_ONLY AS TO THE SIGNATURE OF FAROUK FATHA SIMA_

Agreed and Accepted:

_____   Dated: _NOVEMBER 3, 2008_

Farouk Fathalla Sima

Address: 388 Corniche RD - Zizenia - Alexandria 21411- Egypt.

Phone: +(0203) 5858000 – Fax: +(0203) 5845000

_____   Dated: _11-12-08_

Ahab Joseph ("Julian") Nafal

Address: 101 west Anapamu st. 4th floor. Santa Barbra, CA 93101

Phone: 1-805-403-9370

JONATHAN PEREZ LINARES
COMM #1571512

11/15/2008   00:44     80595601          NAFAL ASSOCIATES                    PAGE   04/04

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Kern

On November 12, 2008 before me, Jonathan Perez Linares, Notary Public
(Here insert name and title of the officer)

personally appeared Ahab Joseph Nafal

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
JONATHAN PEREZ-LINARES
COMM. #1571513
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Apr. 21, 2009
```

_____                    (Notary Seal)
Signature of Notary Public

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Assignment Agreement
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages 3  Document Date 11/12/08

N/A
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

☒ Individual(s)
☐ Corporate Officer

_____
(Title)

☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - Indicate title or type of attached document, number of pages and date.
  - Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

```
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Apr. 21, 2009
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV11- 6238 JHN (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>AHAB JOSEPH ("JULIAN") NAFAL | DEFENDANTS<br>SEE ATTACHED |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>AHAB JOSEPH JULIAN NAFAL, in pro per<br>729 State Street<br>Santa Barbara, CA  93101  805-453-6293 | Attorneys (If Known)<br><br>Alexa L. Lewis, Esq.<br>Mitchell, Silberberg & Knupp<br>11377 West Olympic Boulevard<br>Los Angeles, CA  90064  310-312-2000 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes    ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-06238

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑Yes
If yes, list case number(s): CV-07-05715-CAS; CV-05-2480-SVW

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☑D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Santa Barbara county |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Unknown |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Los Angeles county |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date July 15, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## *Attachment to Civil Cover Sheet*

| | |
|---|---|
| JAY-Z aka SHAWN CARTER, an individual; | Defendant |
| TIMOTHY MOSELY, an individual; | Defendant |
| Rob Bourdan, an individual; | Defendant |
| Brad Delson, an individual; | Defendant |
| Mike Shinoda, an individual; | Defendant |
| Dave Farrell, an individual; | Defendant |
| Joseph Hahn, an individual; | Defendant |
| Chester Binnington, an individual; | Defendant |
| Roc-A-Fella Records, LLC; a corporation; | Defendant |
| Timbaland Productions, Inc., a corporation; | Defendant |
| Def Jam Records, Inc., a corporation; | Defendant |
| Warner Music Group, Inc., a corporation; | Defendant |
| MTV Networks Enterprises, Inc., a corporation; | Defendant |
| Machine Shop Recordings, LLC, a corporation; | Defendant |
| Universal Music Group, Inc., a corporation; | Defendant |
| Lil Lulu Publishing, | Defendant |
| EMI Music, Inc., a corporation; | Defendant |
| EMI Publishing LTD., | Defendant |
| EMI Music Arabia, Inc., a corporation; | Defendant |
| EMI Blackwood Music, Inc., a corporation; | Defendant |
| Virginia Beach Music, | Defendant |
| Chesterchaz Publishing, | Defendant |
| Rob Bourdon Music, | Defendant |
| Nondisclosure Agreement Music, | Defendant |
| Big Bad Mr. Hahn Music, | Defendant |
| Kenji Kobayashi Music, | Defendant |
| Chad Butler (pka "Pimp C"), an individual; | Defendant |
| Bernard Freeman (pka "Bun B"), an individual; | Defendant |