UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Re DEFENDANTS MOTIONS TO DISMISS [16] [32] [35] [41] [42] [43] [54] [57] [67]

## I.  INTRODUCTION

On July 28, 2011 Plaintiff Ahab Joseph ("Julian") Nafal filed the instant action against the following Defendants: Jay-Z (aka Shawn Carter), Timothy Mosely, Bob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Binnington, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., Def Jam Records, Inc., Warner Music Group, Inc., MTV Networks Enterprises, Inc., Machine Shop Recordings, LLC, Universal Music Group, Inc., Lil Lulu Publishing, EMI Music, Inc., EMI Publishing LTD., EMI Music Arabia, Inc., EMI Blackwood Music, Inc., Virginia Beach Music, Chesterchaz Publishing, Rob Bourdon Music, Nondisclosure Agreement Music, Big Bad Mr. Hahn Music, Kenji Kobayahshi Music, Chad Butler (pka "Pimp C"), and Bernard Freeman (pka "Bun B").[1] In short, Plaintiff alleges that Defendants infringed his rights when they sampled the Egyptian song *Khosara, Khosara* in the well-known Jay-Z song *Big Pimpin'*, released in or around 1999.

As Defendants note, the instant action is the sixth case that Plaintiff has filed related to *Khosara, Khosara*. On April 1, 2005, Plaintiff brought suit in this Court against nearly all of the Defendants in the instant action based on similar allegations ("Nafal I").[2] See Nafal v. Carter, 540 F. Supp. 2d 1128 (C.D. Cal. 2007). The Court granted Defendants' Motion for Summary Judgment, finding that Plaintiff lacked

---

[1] Defendants note that several of these entities are sued erroneously and at least one of the individual Defendants is deceased.

[2] The Court grants Defendants' Request for Judicial Notice. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (stating that "under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

standing. Id. at 1143. The Ninth Circuit affirmed that decision in an unpublished opinion issued on July 21, 2010. Nafal v. Carter, 388 Fed. App'x 721 (9th Cir. 2010).

On August 1, 2008, Plaintiff brought suit against his former counsel in Santa Barbara County Superior Court. See Nafal v. Kent, Case No. 1301953; Defendants' Request for Judicial Notice ("RJN"), Exs. 4-5. The Superior Court granted summary judgment on or about July 28, 2009.

On March 6, 2009, Plaintiff moved to intervene in Fahmy v. Carter, a case originally filed on August 31, 2007 that is currently pending before District Judge Christina A. Snyder. See Fahmy v. Carter, Case No. CV 07-5715 CAS (PJWx), Dkt. No. 179; RJN, Ex. 8. Judge Snyder denied Plaintiff's motion to intervene on June 22, 2009, noting that Plaintiff's motion appeared to be an attempt to relitigate this Court's holding in Nafal I. Fahmy, Case No. CV 07-5715 CAS (PJWx), Dkt. No. 212; RJN, Ex. 7 at 140. Plaintiff then commenced separate actions in Santa Barbara Superior Court against Fahmy and against Fahmy's counsel. Nafal v. Fahmy, Case No. 1339112, RJN, Ex. 10; Nafal v. Lear, Case No. 1339609, RJN, Ex. 12.

Plaintiff filed the instant action on July 28, 2011. Various groups of Defendants have filed Motions to Dismiss, most of which are substantively identical. Accordingly, the Court addresses all of the instant Motions in this Order. The Court hereby GRANTS Defendants' Motions to Dismiss for the reasons set forth in this Order.

## II.     BACKGROUND

### A.    Chain of Title

In Nafal I, Plaintiff alleged a convoluted chain of title that allegedly gave Plaintiff the right to bring an infringement action based on Defendants' alleged infringement of *Khosara, Khosara* through their use of portions of that musical work in *Big Pimpin'*. While Plaintiff's Complaint in the instant action does not rehash every aspect of the chain of title, the Court will summarize Plaintiff's allegations in Nafal I for the sake of clarifying the context of the instant dispute.[3]

In approximately 1957, Egyptian composer Balight Hamdy co-authored the musical composition *Khosara, Khosara*. When Hamdy died in 1993, the rights to *Khosara, Khosara* passed to Hamdy's heirs, sisters Asmaa and Safia, and brother Morsy.[4] The rights to *Khosara, Khosara* are currently shared by a combination of Hamdy's siblings, nieces and nephews (the "Hamdy Heirs"). Hamdy's nephew (and one

---

[3] A more detailed recitation of these facts can be found in the Court's Order in Nafal I. See Nafal I, 540 F.Supp.2d at 1132-34. The summary provided here is taken from that Order.

[4] Hamdy's heirs full names are as follows: Asmaa Abdel Hamid Hamdy, Safia Abdel Hamid Hamdy ("Safia"), and Morsy Saad El-Din Abdel Hamid Hamdy.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

of the Hamdy Heirs) Ossama Fahmy has the general power of attorney to act on behalf of all living Hamdy Heirs. Fahmy is the plaintiff in Fahmy v. Carter, the case mentioned above that is currently pending before Judge Snyder.

At some point, Amira Farouk Fathallah told her father, Farouk Fathallah Sima ("Sima"), that she heard *Khosara, Khosara* being used in *Big Pimpin'*.[5] Sima and Plaintiff, who had become acquaintances through a real estate transaction, were both interested in the music business. Sima suggested to Plaintiff that he look into the possibility of filing a lawsuit based on the alleged infringement of *Khosara, Khosara*.

Plaintiff's Complaint alleges the following series of agreements related to *Khosara, Khosara*:

- The 2001 License Agreement between Fahmy and Sima, pursuant to which Fahmy (representing the Hamdy Heirs) granted Sima a license in connection with *Khosara, Khosara*. (Compl. ¶ 9; Ex. A).

- The 2001 Amendment to License Agreement, which, among other things, extended the term of the License Agreement. (Compl. ¶ 10, Ex. B).

- The 2005 Assignment Agreement, entered into on January 27, 2005 with Fahmy's express written consent, pursuant to which Sima purportedly transferred one half of his rights under the 2001 License Agreement to Plaintiff. (Complaint ¶ 11, Ex. C).[6]

- The 2008 Assignment Agreement, dated September 15, 2008, pursuant to which Sima allegedly transferred his remaining one-half interest in the 2001 License Agreement to Plaintiff. (Compl. ¶ 12, Ex. D).

### B.     The Court's Analysis in Nafal I

The key issue in Nafal I was whether Plaintiff's standing to bring an infringement action was properly adjudicated under the 1909 or 1976 Copyright Act because, while *Khosara, Khosara* was created prior to the 1976 Act, Plaintiff's claim accrued afterward. Id. at 1135. Under the Ninth Circuit's interpretation of the 1909 Act, an exclusive licensee can sue for infringement only if the licensee joins

---

[5]Amira and Sima do not appear to be related to Hamdy or the Hamdy Heirs.

[6]The 2005 Assignment Agreement was the main agreement at issue in Nafal I. As noted above, the Court in Nafal I concluded that Plaintiff was not an exclusive licensee under the terms of the 2005 Assignment Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

the copyright owner as a party plaintiff or defendant.  Id. at 1136 (citing Gardner v. Nike, Inc., 279 F.3d 774, 777-78 (9th Cir.2002); Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348 (9th Cir.1964)).  The 1976 Act, however, allows an exclusive licensee to proceed with a copyright infringement lawsuit without joining the licensor as a party.  See Nafal I, 540 F.Supp.2d at 1137.  While the Nimmer copyright treatise and several out-of-circuit cases suggest that the rights and remedies available to the owner and/or exclusive licensee of a copyrighted work are determined under the 1976 Act regardless of when the work itself was created, the Ninth Circuit does not follow this rule.  Id. at 1137-38; see also Roth v. Pritikin, 710 F.2d 934, 938 (2d Cir.1983); Essex Music, Inc. v. ABKCO Music & Records, Inc., 743 F.Supp. 237, 240-41 (S.D.N.Y.1990); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 1.01[D] n.309.  Accordingly, the Court in Nafal I held that Plaintiff's standing must be evaluated under the 1909 Act.  Nafal I, 540 F.Supp.2d at 1138 (citing Lone Ranger Television, Inc. v. Program Radio Corp., 740 F.2d 718 (9th Cir.1984)).

The Court then went on to evaluate whether Plaintiff held an "exclusive license" as that term applies in the copyright context.  Nafal I, 540 F.Supp.2d at 1139-41.  The  Court concluded that Plaintiff did not hold an exclusive license due to the fact that his rights were extremely limited under the 2005 Assignment Agreement.  Id. at 1143.  Accordingly, the Court found that Plaintiff lacked standing because he was "at best a glorified non-exclusive licensee."  Id.  In its Conclusion, the Court further noted that even if Plaintiff were deemed a "co-exclusive licensee," the 1909 Act would require Plaintiff to join the copyright owners at issue in an amended complaint.  Id. at 1144.  Plaintiff appealed, and the Ninth Circuit affirmed.  See Nafal v. Carter, 388 F.App'x 721 (9th Cir. 2010).

### C. Plaintiff's Current Claim

Plaintiff's current claim is substantially similar to his claim in Nafal I.  Plaintiff now alleges that he has cured his standing problem because, according to Plaintiff, Fahmy assigned Plaintiff his remaining one-half interest in the 2001 License Agreement pursuant to the 2008 Assignment Agreement.

### IV. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

    In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

    The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

    Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**V.     DISCUSSION**

    Plaintiff argues that because he now has an exclusive license in *Khosara, Khosara*, he has standing to sue Defendants for infringement. (Compl. ¶ 14; Opp'n at 46). The Court disagrees. As noted above, in Nafal I, this Court held that Plaintiff's standing must be evaluated under the 1909 Copyright Act. See Nafal, 540 F.Supp.2d at 1137-38. This Court also held that Plaintiff was not an exclusive licensee under the 2005 Assignment Agreement, and therefore lacked standing to sue. Id. at 1143-44. Plaintiff now alleges that he has standing based on the 2008 Assignment Agreement. However, as this Court noted in the conclusion of the Order in Nafal I, "even if Plaintiff were deemed a 'co-exclusive licensee,' the 1909 Act would require him to join Sima and the Hamdy Heirs in this action through the filing of a first amended complaint." Id. at 1144.

    Assuming for the sake of the instant Motion that, pursuant to the 2008 Assignment Agreement, Plaintiff does own "100% of an exclusive license," he still lacks standing. In other words, under the Ninth Circuit's interpretation of the 1909 Act, even assuming that Plaintiff is a co-exclusive licensee, he still must join the copyright owners. Plaintiff has failed to so. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court finds that Plaintiff's claim must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-06238-SVW (PJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Nafal v. Jay-Z, et al. | | |

therefore be dismissed.[7]

Furthermore, the Court concludes that dismissal is proper as to all Defendants, including the nonmoving Defendants. See, e.g., Bascos v. Federal Home Loan Mortg. Corp., No. CV 11–3968–JFW (JCx), 2011 WL 3157063, at *7 (C.D.Cal. July 22, 2011); Bonny v. Society of Lloyd's, 3 F.3d 156, 161 (7th Cir.1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.")).

**VI.   CONCLUSION**

The Court hereby GRANTS Defendants' Motions to Dismiss for the reasons set forth in this Order.

---

[7] Defendants make several additional arguments in their many (and almost entirely duplicative) Motions to Dismiss including insufficient service of process, and failure by Plaintiff, a *pro se* litigant, to keep the Court apprised of his current address. The Court need not reach these arguments in light of Plaintiff's clear lack of standing under the 1909 Copyright Act.

|  | : |
|---|---|
| Initials of Preparer | PMC |